FRED W. ALVAREZ, State Bar No. 68115
ALLISON B. MOSER, State Bar No. 223065
JONES DAY
Silicon Valley Office
1755 Embarcadero Rd.
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
Email: falvarez@jonesday.com
Email: amoser@jonesday.com

TROY A. VALDEZ, State Bar No. 191478
TAMARA FISHER, State Bar No. 238170
VALDEZ TODD & DOYLE LLP
1901 Harrison Street, Suite 1450
Oakland, CA 94612
Telephone: (415) 202-5950
Facsimile: (415) 202-5951
Email: tvaldez@vtdlaw.com
Email: tfisher@vtdlaw.com

Attorneys for Defendant
COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES HERNANDEZ, as an "aggrieved employee" and on behalf of "aggrieved employees" under the California Labor Code Private Attorneys General Act,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC; and DOES 1 – 50 inclusive,<br><br>Defendants. | Case No. TBA<br><br>[Alameda County Superior Court Case No. RG14720007]<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332 (as amended by the Class Action Fairness Act of 2005 Pub. L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b), and 1446**<br><br>Complaint filed: April 3, 2014<br>FAC filed: May 15, 2014<br>SAC filed: August 1, 2014<br>TAC filed: September 9, 2014 |

**TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant in the above-entitled action, Comcast Cable Communications Management, LLC (erroneously also sued herein as "Comcast Corporation")

-1-
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 (as amended by the CAFA 2005 Pub. L. 109-2, § 4(a)), 1441(a) and (b), and 1446
[ALAMEDA COUNTY SUPERIOR COURT CASE NO. RG14720007]

("Comcast" or "Defendant") hereby removes this action from the Superior Court of the State of California for the County of Alameda ("Superior Court") to the United States Court for the Northern District of California. This removal is proper under the provisions of 28 U.S.C. § 1332, and is one which may be removed to this court by the Defendant, pursuant to the provisions of 28 U.S.C. § 1441, because it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interests and costs, and because it is between citizens of different states. Further, this removal based on diversity of citizenship is also proper pursuant to pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, § 4(a) ("CAFA"), 1441(a) and (b), and 1446, and for the reasons stated below:

1. Defendant desires to exercise rights under the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 to remove this action from the Superior Court of the State of California, Alameda County, in which said case is now pending under the name and style *Andres Hernandez, as an "aggrieved employee" and on behalf of "aggrieved employees" under the California Labor Code Private Attorneys General Act v. Comcast Corporation, et al*, Case No. RG14720007. The Third Amended Complaint was filed on September 9, 2014 ("Complaint"), a true and correct copy of which attached as **Exhibit A** to the Declaration of Troy A. Valdez in Support of Defendant Comcast Cable Communications Management, LLC's Notice of Removal ("Valdez Decl."), filed concurrently herewith.

2. Defendant filed an Answer to the Complaint on October 14, 2014 in Superior Court, a true and correct copy of which is attached as **Exhibit B** to the Valdez Declaration.

### DIVERSITY JURISDICTION

3. The requirement that the parties be diverse is satisfied when, as here, any plaintiff is a citizen of a state different from any defendant. (28 U.S.C. § 1332(d)(2).) This is true under CAFA, as well, which requires that any member of the group of aggrieved plaintiffs is a citizen of a state different from any

defendant. The existence of diversity jurisdiction is based upon evidence of the parties' citizenship at the time the litigation commenced. (*Mann v. City of Tucson*, 782 F.2d 790, 794 (9th Cir. 1986).)

4. As alleged in the Complaint, Plaintiff Andres Hernandez is a resident of California. (*See* Valdez Decl., **Exhibit A**, ¶ 4.)

5. As alleged in the Complaint, Defendants are a Pennsylvania corporation and a Delaware limited liability company doing business throughout California. (*See* Valdez Decl., **Exhibit A**, ¶¶ 5, 6.)

6. Comcast Cable Communications Management, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in the Commonwealth of Pennsylvania. (*See* Declaration of Matthew Fradin in Support of Defendant Comcast Cable Communications Management, LLC's Notice of Removal ("Fradin Decl."), ¶ 2.) Comcast Cable Communications Management, LLC has a sole member, Comcast Cable Communications, LLC, which is a limited liability company organized under the laws of Delaware with its principal place of business in Pennsylvania. (*See* Fradin Decl., ¶ 3.) Comcast Cable Communications, LLC's sole member is Comcast Holding Corporation, which is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Pennsylvania. (*See* Fradin Decl., ¶ 4.) Comcast Holding Corporation is a wholly owned subsidiary of Comcast Corporation, which is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Pennsylvania. (*See* Fradin Decl., ¶ 5.) Comcast Corporation is publicly traded. (*See* Fradin Decl., ¶ 6.)

7. Plaintiff's Complaint also names Does 1-50. However, pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names is disregarded for purposes of removal.

8. Plaintiff's pleading admits that Defendant is a citizen of Delaware, not California. Defendant Comcast Cable Communications Management, LLC is not, in fact, a citizen of California. Because Plaintiff and Defendant Comcast Cable Communications Management, LLC, its sole member, and entities within its ownership structure are citizens of different states, there is complete diversity of citizenship between Plaintiff and Defendant.

## VENUE IS PROPER

9. This action was filed in the Superior Court of the State of California for the County of Alameda. Thus, venue properly lies in the United States District Court for the Northern District of California under 28 U.S.C. §§ 84(a), 1391(a), and 1441(a).

## JURISDICTION AND AMOUNT IN CONTROVERSY

10. Pursuant to 28 U.S.C. § 1332, this court has "original jurisdiction of all civil actions," including this one, "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" where the parties are diverse, as discussed above.

11. Plaintiff has placed into controversy an amount in excess of $75,000, as is evident on the face of the Complaint.

12. Unpaid Overtime. Plaintiff alleged in his first and second causes of action that "Defendants failed to pay Plaintiff . . . overtime on all occasions when it was required by law." (Valdez Decl., **Exhibit A**, ¶ 33.) Plaintiff further alleges that "[a]n 'aggrieved employee' may recover unpaid wages in a PAGA action through Labor Code § 558. *Thurman v. Bayshore Transit Mgmt., Inc.* (2012) 203 Cal.App.4th 1111, 1144-45 (review denied)." (Valdez Decl., **Exhibit A**, ¶ 37.) Plaintiff further alleged that he "consistently worked 10 to 12 hour days" and "held the position of Field Operations Supervisor." (Valdez Decl., **Exhibit A**, ¶ 4.) At the time of his termination, Plaintiff's annual salary was $74,336.34.

-4-
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 (as amended by the CAFA 2005 Pub. L. 109-2, § 4(a)), 1441(a) and (b), and 1446
[ALAMEDA COUNTY SUPERIOR COURT CASE NO. RG14720007]

(*See* Declaration of Elizabeth Cherian in Support of Defendant Comcast Cable Communications Management, LLC's Notice of Removal ("Cherian Decl."), ¶ 5.) Because Plaintiff alleges he worked between 2 and 4 hours of overtime each day, conservatively assuming that Plaintiff worked an average of 3 hours of overtime, multiplied by the 52 weeks comprising the one-year statute of limitations for PAGA penalties, Plaintiff placed into controversy **$41,814** (derived by dividing Plaintiff's salary by 52 weeks and 40 hours to determine his hourly rate, multiplying that rate by 1.5 to determine the overtime rate, multiplying that by the three hours of overtime Plaintiff allegedly worked, on average, each day, multiplied by five days per week and by 52 weeks).

13. Meal and Rest Breaks. Plaintiff alleged in his third cause of action that "Defendants failed to provide Plaintiff . . . with a required meal period of not less than 30 minutes before working more than five hours, and a second meal period of not less than 30 minutes before working more than 10 hours per day." (Valdez Decl., **Exhibit A**, ¶ 47.) Plaintiff alleged he consistently worked days of between 10 and 12 hours in length. (Valdez Decl., **Exhibit A**, ¶ 4.) Thus, Plaintiff alleges he is owed at least **$9,292** for his daily missed meal periods (derived by multiplying the hourly rate identified above by five days per week by 52 weeks), given Labor Code § 226.7's requirement that an "employer shall pay [an] employee one additional hour of pay at the employee's regular rate of compensation for each workday [that a] meal or rest . . . period is not provided." Plaintiff alleged that Defendant maintained a policy and practice of failing to permit and authorize rest periods, and in his fourth cause of action alleges that, consistent with that policy, he was denied rest periods, (see Valdez Decl., **Exhibit A**, ¶¶ 14, 54), placing into controversy an additional **$9,292.**

14. Alleged PAGA Penalties Arising from Allegedly Unpaid Overtime, Meal Periods, and Rest Periods. Plaintiff seeks civil penalties under PAGA arising out

-5-

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 (as amended by the CAFA 2005 Pub. L. 109-2, § 4(a)), 1441(a) and (b), and 1446
[ALAMEDA COUNTY SUPERIOR COURT CASE NO. RG14720007]

of Plaintiff's allegations that he is entitled to damages for unpaid or underpaid wages, overtime, missed meal breaks, and missed rest breaks. (Valdez Decl., **Exhibit A**, ¶¶ 29-35, 43-56.) Calculating PAGA penalties at a rate of $100 per pay period, per violation, and $200 per pay period, per violation thereafter (*see* Lab. Code § 2699(f)(2)), for these three alleged, distinct PAGA violations, Plaintiff places into controversy **$14,100** (derived by multiplying the first pay period in which a violation occurred by $100, and the subsequent 23 pay periods in which violations allegedly occurred by $200, multiplied by three alleged violations).

15. Itemized Wage Statements. Plaintiff further alleges that his wage statement was not properly itemized, entitling him to statutory penalties in the amount of $100 for the first violation and $200 for each subsequent violation. (Valdez Decl., **Exhibit A**, ¶ 61.) He thus places in controversy an additional **$4,700**, comprised of one year of penalties for failure to provide itemized wage statements, assuming two pay periods per month.

16. Waiting Time Penalties. Plaintiff alleges that he is entitled to waiting time penalties of up to 30 days of his regular pay related to Defendant's alleged failure to properly pay outstanding wages upon Plaintiff's termination. (See Valdez Decl., **Exhibit A**, ¶¶ 64-70.) Given his annual salary of $74,336.34, Plaintiff places into controversy **$6,194** (derived by dividing his salary by 12).

17. Alleged Violation of Labor Code § 204. Plaintiff alleges that Defendant failed to comply with Labor Code § 204, a violation for which he is permitted to recover PAGA penalties. (See Valdez Decl., **Exhibit A**, ¶¶ 71-77.) As set forth above, such penalties are calculated at the rate of $100 for the pay period in which the initial violation occurs and $200 for each subsequent pay period in which a violation occurs, for up to one year. (Lab. Code § 2699(f)(2).) Thus, Plaintiff places into controversy an additional **$4,700** (derived by multiplying the first pay

-6-

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 (as amended by the CAFA 2005 Pub. L. 109-2, § 4(a)), 1441(a) and (b), and 1446
[ALAMEDA COUNTY SUPERIOR COURT CASE NO. RG14720007]

|  |  |
|---|---|
| 1 | period in which a violation occurred by $100, and the subsequent 23 pay periods |
| 2 | in which violations allegedly occurred by $200). |
| 3 | 18. <u>Attorneys' Fees</u>. In addition, Plaintiff seeks an unspecified amount of attorneys' |
| 4 | fees in connection with his Complaint. (Valdez Decl., **Exhibit A**, ¶¶ 35, 42, 49, |
| 5 | 56, 63, 70, 77, Prayer for Relief, ¶ 8.) In determining whether a complaint meets |
| 6 | the amount in controversy threshold for removal under 28 U.S.C. § 1332(a), a |
| 7 | court may consider attorneys' fees that are recoverable by statute. (*Galt G/S v.* |
| 8 | *JSS Scandanavia*, 142 F.3d 1150, 1155 (9th Cir. 1998).) Such fees are calculable |
| 9 | beyond the time of removal. (*Simmons v. PCR Technology*, 209 F.Supp.2d 1029, |
| 10 | 1035 (N.D. Cal. 2002).) For purposes of this analysis only, the amount of |
| 11 | attorneys' fees at issue in this matter could amount to 25% of the damages |
| 12 | awarded to Plaintiff, or, **$18,998**. (*See, e.g., Garibay v. Archstone Communities,* |
| 13 | *LLC*, 539 Fed. Appx. 763, 764 (9th Cir. 2013) [characterizing 25% as the |
| 14 | "benchmark" when determining attorneys' fees]; *Galt G/S*, 142 F.3d at p. 1155- |
| 15 | 56 [permitting inclusion of attorneys' fees in the amount in controversy |
| 16 | calculation when recovery of such fees is authorized by statute, as with PAGA, |
| 17 | under Labor Code § 2699(g)(1)].) Accordingly, the aggregated claimed damages |
| 18 | by Plaintiff including attorneys' fees exceed the jurisdictional amount in |
| 19 | controversy. |
| 20 | 19. Based on the foregoing, Defendant establishes by a preponderance of the |
| 21 | evidence that the claimed damages and penalties Plaintiff seeks to recover |
| 22 | exceed the $75,000 amount in controversy threshold for required for removal. |
| 23 | (*Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir. 1996) [party |
| 24 | removing case must be able to prove by preponderance of the evidence that the |
| 25 | amount in controversy exceeds $75,000]; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566- |
| 26 | 67 (9th Cir. 1992) [holding that burden is on party removing case to establish |
| 27 | amount in controversy and further holding that conclusory allegations are |

insufficient to so establish].) Because the amount in controversy threshold is satisfied, the requirements for removal under 28 U.S.C. §§ 1332(a) and 1441(a) are satisfied.

**JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

20. Pursuant to Section 4 of CAFA, 28 U.S.C. § 1332(d)(2) has been amended to read, in pertinent part, that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds . . . $5,000,000, exclusive of interest and costs, and is a class action" in which diversity jurisdiction is present, and where the group of aggrieved employees exceeds 100 members (28 U.S.C. § 1332(d)(5)).

21. As set forth herein, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d) because it is a "civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action," (§ 1332(d)(1)(B)) where the group of represented employees exceeds 100 members, the amount placed in controversy exceeds $5,000,000 exclusive of interest and costs, and Plaintiff is a citizen of a state different from Defendant.[1]

---

[1] Defendant acknowledges that the Ninth Circuit recently concluded that PAGA actions do not trigger CAFA jurisdiction. (*Baumann v. Chase Inv. Services Corp.*, 747 F.3d 1117, 1122 (9th Cir. 2014).) That court reasoned, "[i]n short, [that] 'a PAGA suit is fundamentally different than a class action.'" (*Id.* at p. 1123, citation omitted.) The court found compelling the fact that, to allege a PAGA violation, a Plaintiff need not claim there exists commonality, typicality, or other traditional class action hallmarks. (*Id.*) Here, in contrast, Plaintiff brought his PAGA action into the rubric of class actions by using the language expressly reserved for class allegations (see Valdez Decl., **Exhibit A**, ¶¶ 25-27), thus inviting analogy to Federal Rule of Civil Procedure 23, governing class actions, and invoking CAFA jurisdiction. Accordingly, defendant respectfully requests this court decline to apply the broad but distinguishable rule articulated in *Baumann* to this case.

-8-
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 (as amended by the CAFA 2005 Pub. L. 109-2, § 4(a)), 1441(a) and (b), and 1446
[ALAMEDA COUNTY SUPERIOR COURT CASE NO. RG14720007]

## AMOUNT IN CONTROVERSY UNDER CAFA

22. CAFA authorizes the removal of "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action," (28 U.S.C. § 1332(d)(1)(B)) in which the amount in controversy for all members of the group of represented aggrieved employees exceeds $5,000,000. (28 U.S.C. § 1332(d).)

23. When measuring the amount in controversy, this Court must assume that the allegations in the complaint are true, and that a jury will return a verdict for the plaintiff on all claims made in the complaint. (*Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008); *see also Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 992, 1001 (C.D. Cal. 2002).) The amount in controversy may include general and special compensatory damages (*see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)), as well as statutory penalties (*Pagel v. Dairy Farmers of America*, 2013 WL 6501707, *6 (C.D. Cal. 2013); *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d at pp. 1205-06). Defendant bears the burden of proving by a preponderance of the evidence, and must therefore provide evidence – as Defendant sets forth fully herein – that the amount in controversy exceeds the jurisdictional minimum. (*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d at p. 404.)

24. As explained below, the amount in controversy in this action exceeds $5,000,000, exclusive of costs and interest.[2]

---

[2] Defendant denies the validity and merit of all of Plaintiff's claims, including the legal theories upon which the claims are purportedly based, and the claims for monetary and other relief that flow from them, and uses Plaintiff's alleged theories of recovery of penalties only to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.

25. The Complaint is plead as a representative action by which "Plaintiff seeks to represent all aggrieved employees within the meaning of Labor Code §§ 2698, *et seq.* who are or were employed in the State of California by Defendant and worked as Field Operations Supervisors who were misclassified as exempt and were not paid any wages, whatsoever, including the minimum wage, for certain hours worked, in violation of Labor Code § 1194[, ¶] were not paid overtime wages for all hours over eight in a day and/or 40 in a week, in violation of Labor Code § 1194[, ¶] were not provided all of their required duty-free meal periods, nor paid the required meal period premiums for each meal period not provided in violation of Labor Code §§ 226.7, 512 and 1198[, ¶] were not provided all of their required rest periods, nor paid the required rest period premiums for each rest period not provided in violation of Labor Code §§ 226.7 and 1198[, ¶] were not provided with accurate, itemized wage statements that listed the full name and address of the legal entity that is the employer, in violation of Labor Code § 226(a)[, ¶] were not paid all wages due and owing at the end of their employment relationship as required by Labor Code §§ 201-203[ ¶, and] were not paid all their wages in a timely manner as required by Labor Code § 204." (Valdez Decl., **Exhibit A**, ¶¶ 18-24.)

26. By his Complaint, Plaintiff acknowledges and further alleges that this PAGA action is similar to a class action, in that "[t]here is a well-defined community of interest in the quest[ion]s of law and fact affecting the aggrieved employees whom Plaintiff seeks to represent. The aggrieved employees' claims . . . involve questions of common or general interest, . . . [¶] are typical of the claims of the members of the aggrieved employees whom Plaintiff seeks to represent and their interests are consistent with, and not antagonistic to, those of the other aggrieved employees." As with typical class actions, Plaintiff alleges that he "will fairly and adequately represent the interests of the aggrieved employees because

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 (as amended by the CAFA 2005 Pub. L. 109-2, § 4(a)), 1441(a) and (b), and 1446
[ALAMEDA COUNTY SUPERIOR COURT CASE NO. RG14720007]

Plaintiff is also an aggrieved employee and his claims are typical of those of the aggrieved employees. . . . [¶] Common questions of law and fact exist as to all aggrieved employees that predominate over any other questions affecting only individual aggrieved employees." (Valdez Decl., **Exhibit A**, ¶¶ 25-27.) In light of these allegations, removal is warranted, not only on an individual basis as set forth above, but also pursuant to CAFA.

27. <u>Alleged PAGA Penalties</u>. Plaintiff seeks civil penalties pursuant to the California Private Attorney General Act of 2004 ("PAGA"), Labor Code § 2698, *et seq.*, arising out of Plaintiff's allegations that he and the individuals he purports to represent are entitled to damages for unpaid or underpaid wages, overtime, missed meal breaks, missed rest breaks, and failure to properly itemize wage statements. (Valdez Decl., **Exhibit A**, ¶¶ 29-77.) PAGA penalties are calculated at a rate of $100 per employee for the first violation, and $200 per employee, per violation, per pay period thereafter. (Lab. Code § 2699(f)(2).) That is, a single pay period may have multiple violations giving rise to multiple PAGA penalties, which may be aggregated or "stacked" for purposes of calculating the amount in controversy. (See *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, *5, *6 (E.D. Cal. 2010).) The amount in controversy arising from one violation that would give rise to PAGA penalties is **$783,000**. The amount in controversy if each of the six types of violations affecting all "aggrieved employees" Plaintiff purports to represent (unpaid minimum wage/overtime, recovery of unpaid wages, meal periods, rest periods, itemized wage statement violations, Labor Code § 204 violations) is stacked is **$4,698,000**.

28. <u>Alleged Labor Code § 558 Penalties</u>. Via PAGA, Plaintiff alleges that an "aggrieved employee" may recover unpaid wages in addition to PAGA penalties. Plaintiff alleges that Defendant failed to pay him and other aggrieved employees overtime wages when required, and failed to pay minimum wages and overtime

-11-

pay for hours worked. Finally, he alleges that he may recover such wages via Labor Code §§ 558 and 2699.3's requirements to commence a civil action for unpaid wages and as a PAGA action. (Valdez Decl., **Exhibit A**, ¶¶ 36-42.) Thus, Plaintiff seeks unpaid overtime wages for each "aggrieved employee" for each workday and week during the year preceding the date the Complaint was filed (the "relevant period") that Defendant allegedly failed to pay them overtime for hours worked beyond eight in a day. (*See Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1007 [PAGA penalties are subject to a one-year statute of limitations pursuant to Cal. Code Civ. Proc. § 340(a)]; *Thurman v. Bayshore Transit Management, Inc.*, 203 Cal.App.4th 1122, 1144-45 [unpaid wages recovered under Labor Code § 558 via PAGA constitute a civil penalty].) There are 178 members of the group of aggrieved employees presently employed by Defendant. (Cherian Decl., ¶ 3.) Allegedly aggrieved employees were sometimes scheduled to work five days per week, while others worked for longer shifts four days per week. (Cherian Decl., ¶ 6.) Although it is permissible to calculate the amount in controversy based upon an average wage of some aggrieved employees when it is impracticable or impossible to know the wages of each employee (*see Helm v. Alderwoods Group, Inc.*, 2008 WL 2002511 at *4, n.3), the amounts alleged herein are based upon each aggrieved employee's current rate of pay. On average, Field Operations Supervisors earned an annual salary of $76,446.70. (Cherian Decl., ¶ 4.) Plaintiff alleges that he is an "aggrieved employee" similarly situated to all aggrieved Field Operations Supervisors, and contends that he "consistently worked 10 to 12 hour days" (Valdez Decl., **Exhibit A**, ¶ 4). When a complaint alleges a policy and practice of pervasive wage and hour violations, a defendant may calculate the amount in controversy for CAFA purposes by conservatively construing those allegations. (*Altamirano v. Shaw Indus.* 2013 U.S. Dist. LEXIS 84236, *25-26.) Here, rather

-12-

than the ten to twenty hours of uncompensated overtime Plaintiff alleges he worked per week, Defendant conservatively calculates that if each "aggrieved employee" worked just two hours per week for which he or she did not receive overtime compensation, the amount in controversy for this allegation would be approximately **$949,098**, derived by multiplying by 1.5 (the time-and-a-half overtime rate) the average hourly rate (itself derived by dividing the average annual Field Operations Supervisor salary by 52 weeks and then by 40 hours per week), multiplied by each aggrieved employee's number of weeks of employment up to 52 (the number of weeks in the relevant period), multiplied by 2 hours.

29. <u>Alleged entitlement to PAGA penalties arising out of waiting time penalties associated with failure to pay final wages.</u> Plaintiff seeks civil penalties under PAGA arising out of Plaintiff's allegations that Defendant failed to comply with Labor Code §§ 201-203 and that aggrieved employees are entitled to waiting time penalties arising from those Labor Code violations. (Valdez Decl., **Exhibit A**, ¶¶ 64-70.) Since October 30, 2010, 52 Field Operations Supervisors have terminated employment with Defendant. (Cherian Decl., ¶ 7.) While Defendant denies Plaintiff is entitled to any damages or civil penalties arising from this allegation, for purposes of this CAFA analysis the amount in controversy in connection with this allegation would be **$326,731**, derived by dividing the current average Field Operations Supervisor salary of $76,446.70 (Cherian Decl., ¶ 4) (*see Helm v. Alderwoods Group, Inc.*, 2008 WL 2002511 at *4, n.3 [permissible to use averaged salaries]) by 365 days per year, multiplied by 30 days, multiplied by 52 terminated "aggrieved employees" (Cherian Decl., ¶ 7).

30. <u>Alleged entitlement to attorneys' fees.</u> In addition, Plaintiff seeks an unspecified amount of attorneys' fees in connection with his Complaint. (Valdez Decl., **Exhibit A**, ¶¶ 35, 42, 49, 56, 63, 70, 77, Prayer for Relief, ¶ 8.) In determining

-13-

whether a complaint meets the amount in controversy threshold for removal under 28 U.S.C. § 1332(a), a court may consider attorneys' fees that are recoverable by statute. (*Galt G/S v. JSS Scandanavia*, 142 F.3d 1150, 1155 (9th Cir. 1998).) Such fees are calculable beyond the time of removal. (*Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002).) For purposes of this analysis only, the amount of attorneys' fees at issue in this matter could amount to 25% of the damages awarded to Plaintiff. (*See, e.g., Garibay v. Archstone Communities, LLC*, 539 Fed. Appx. 763, 764 (9th Cir. 2013); *Galt G/S*, 142 F.3d at p. 1155-56.) Accordingly, the aggregated claimed damages by Plaintiff including attorneys' fees exceed the jurisdictional amount in controversy.

31. Based on the foregoing, Defendant establishes by a preponderance of the evidence that the aggregate claimed damages and penalties by Plaintiff exceed the $5,000,000 amount in controversy threshold for removal under CAFA.

## NUMEROSITY UNDER CAFA

32. CAFA also provides that the district courts shall not have jurisdiction over actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." (28 U.S.C. § 1332(d)(5).)

33. Here, the aggrieved employees Plaintiff seeks to represent exceed 100 members. (*See* Cherian Decl., ¶ 3.) As such, this Court properly has jurisdiction over this matter, as the represented group proposed by Plaintiff contains more than 100 members.

## TIMELINESS AND PROPRIETY OF REMOVAL

34. Given that Plaintiff filed the Complaint on September 9, 2014, that Defendant answered the Complaint on October 14, 2014, that the Complaint alleged, for the first time, perfected claims brought under PAGA, including an alleged violation of Labor Code § 558 seeking unpaid wages brought via PAGA, confirming for

-14-
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 (as amended by the CAFA 2005 Pub. L. 109-2, § 4(a)), 1441(a) and (b), and 1446
[ALAMEDA COUNTY SUPERIOR COURT CASE NO. RG14720007]

| | |
|---|---|
| 1 | the first time that the amount in controversy was in excess of $75,000 and |
| 2 | $5,000,000, exclusive of costs and interests, and the parties identified their |
| 3 | respective, diverse citizenship, Defendant is filing this Notice within 30 days of |
| 4 | the filing of the pleading giving rise to facts sufficient to substantiate removal, |
| 5 | pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(c)(3)(A). (*See* Valdez |
| 6 | Declaration and Exhibits attached thereto; *see also Kenneth Rothschild Trust v.* |
| 7 | *Morgan Stanley Dean Witter*, 199 F.Supp.2d at p. 1001; *Korn v. Polo Ralph* |
| 8 | *Lauren Corp.*, 536 F.Supp.2d at pp. 1205-06 [plaintiff's allegation of statutory |
| 9 | penalties sufficient to exceed CAFA amount in controversy requirement]; *Pagel* |
| 10 | *v. Dairy Farmers of America*, 2013 WL 6501707, *6 [full measure of PAGA |
| 11 | penalties calculable in assessing amount in controversy]; *Gaus v. Miles, Inc.*, 980 |
| 12 | F.2d 564, 566-67 (9th Cir. 1992) [holding that burden is on party removing case |
| 13 | to establish amount in controversy and further holding that conclusory |
| 14 | allegations are insufficient to so establish]; *Bosky v. Kroger Texas, LP*, 288 F.3d |
| 15 | 208, 211 (5th Cir. 2002) [grounds for removal must be "unequivocally clear and |
| 16 | uncertain" on the face of a "'pleading, motion, order or other paper,'" not |
| 17 | necessarily the initial pleading, to start the 30-day removal period running]; |
| 18 | *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 1995) [time for |
| 19 | filing notice of removal is determined based upon "four corners of applicable |
| 20 | pleadings, not through a subjective knowledge or a duty to make further |
| 21 | inquiry"].) Accordingly, this Notice of Removal is timely filed pursuant to 28 |
| 22 | U.S.C. § 1441(b). |
| 23 | 35.  Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of |
| 24 | Removal will be given to counsel for Plaintiff, and a copy of the Notice of |
| 25 | Removal will be filed with the Superior Court of the State of California, |
| 26 | Alameda County. A true and correct copy of the Notice to Adverse Party that |
| 27 | Defendant Comcast Cable Communications Management, LLC will serve on |

-15-

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 (as amended by the CAFA 2005 Pub. L. 109-2, § 4(a)), 1441(a) and (b), and 1446
[ALAMEDA COUNTY SUPERIOR COURT CASE NO. RG14720007]

Plaintiff upon removal is attached as **Exhibit D** to the Valdez Declaration. A true and correct copy of the Notice of Removal that Defendant Comcast Cable Communications Management, LLC will file in the Superior Court upon removal is attached as **Exhibit E** to the Valdez Declaration. Upon service, Defendant Comcast Cable Communications Management, LLC will file a proof of service with this court.

WHEREFORE, Defendant Comcast Cable Communications Management, LLC removes the above-entitled action to this court.

DATED: October 14, 2014                    VALDEZ TODD & DOYLE LLP


                                           By: */s/ Troy A. Valdez*
                                               Troy A. Valdez

                                           Attorneys for Defendant
                                           COMCAST CABLE COMMUNICATIONS
                                           MANAGEMENT, LLC

-16-
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 (as amended by the CAFA 2005 Pub. L. 109-2, § 4(a)), 1441(a) and (b), and 1446
[ALAMEDA COUNTY SUPERIOR COURT CASE NO. RG14720007]

**PROOF OF SERVICE**
*Hernandez v. Comcast Corporation*
United States District Court Case No.

The undersigned declares that:

I am employed in the County of Alameda, State of California. I am over the age of 18 and not a party to this action. My business address is Valdez Todd & Doyle LLP, 1901 Harrison Street, Suite 1450, Oakland, CA 94612.

On the date set forth below, I served the following documents:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 (AS AMENDED BY THE CAFA 2005 PUB. L. 109-2, § 4(A)), 1441(A) AND (B), AND 1446**

on the parties in the subject action by placing a true copy thereof as indicated below, addressed as follows:

Eric A. Grover
Robert Spencer
Keller Grover LLP
1965 Market Street
San Francisco, CA 94103

Counsel for Plaintiff

☒ **BY U.S. MAIL:** I am familiar with our business practices for collecting and processing of mail for the United States Postal Service. Mail placed by me within the office for collection for the United States Postal Service would normally be deposited with the United States Postal Services that day in the ordinary course of business. The envelope(s) bearing the address(es) above was sealed and placed for collection and mailing on the date below following our ordinary business practices.

☒ **BY E-MAIL:** by causing to be transmitted via e-mail the document(s) listed above to the addressee(s) at the e-mail address(es) listed above, and such was transmitted without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: _____
                                                      Marla L. Smith

1
PROOF OF SERVICE
U.S.D.C., NORTHERN DISTRICT