Eric A. Grover, Esq. (SBN 136080)
eagrover@kellergrover.com
Robert Spencer, Esq. (SBN 238491)
rspencer@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

Kenneth S. Gaines, Esq. (SBN 049045)
ken@gaineslawfirm.com
Daniel F. Gaines, Esq. (SBN 251488)
daniel@gaineslawfirm.com
**GAINES & GAINES**
A Professional Law Corporation
27200 Agoura Road, Suite 101
Calabasas, CA 91301
Telephone: (818) 703-8985
Facsimile: (818) 703-8984

Attorneys for Plaintiff
ANDRES HERNANDEZ

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDRES HERNANDEZ, individually and on behalf of a class of similarly situated individuals, and all aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No: 14-cv-04575 JSW<br><br>REPRESENTATIVE ACTION<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL**<br><br>[F.R.C.P. 41(a)(2))]<br><br>Date: March 13, 2015<br>Time: 9:00 a.m.<br>Ctrm: 5, 2nd Floor<br>Judge: Hon. Jeffrey S. White<br><br>Complaint filed: April 3, 2014<br>FAC filed: May 15, 2014<br>SAC filed: August 1, 2014<br>TAC filed: September 9, 2014 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 13, 2015 at 9:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Jeffrey S. White in Courtroom 5, 2nd Floor, located at 1301 Clay Street, Oakland, California, Plaintiff ANDRES HERNANDEZ will and hereby does moves for voluntary dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(2), of Plaintiff's action against Defendants Comcast Corporation and Comcast Cable Communications Management, LLC ("Defendants"). This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Eric A. Grover, Declaration of Andres Hernandez, the papers and pleadings on file in this action, and upon such other evidence as the Court may be presented at the time of the hearing.

Dated: February 6, 2015          **KELLER GROVER LLP**

By: /S/ *Eric A. Grover*
ERIC A. GROVER
ROBERT SPENCER

*Counsel for Plaintiff*
ANDRES HERNANDEZ

---

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL — 1 — CASE NO. 14-CV-04575 JSW

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Andres Hernandez seeks an order dismissing this action against Defendant Comcast Corporation and Comcast Cable Communications Management, LLC (collectively, "Defendants" or "Comcast") pursuant to Federal Rule of Civil Procedure 41(a)(2). A motion was necessary because Defendants have not agreed to enter into a dismissal stipulation.[1]

This action alleges only claims under the California Private Attorneys General Act, Labor Code §§ 2698, *et seq.* ("PAGA").[2] Plaintiff and Defendants currently are engaged in private arbitration addressing Plaintiff's non-PAGA wage and hour claims.[3] Plaintiff no longer wishes to pursue his individual PAGA claims and thus seeks voluntarily dismissal of his individual PAGA claims.[4] Because this PAGA action includes representative PAGA claims on behalf of aggrieved employees and those aggrieved employees have not been notified of any pending action on their behalf, dismissal of the representative PAGA claims in this action should be without prejudice.

"Rule 41(a)(2) motions for voluntary dismissal should be liberally granted, provided that no party will suffer legal prejudice."[5] "Legal prejudice" is defined as "prejudice to some legal interest, some legal claim, some legal argument."[6] The Ninth Circuit has "explained that 'uncertainty because a dispute remains unresolved' or because 'the threat of future litigation ... causes uncertainty' does not result in plain legal prejudice."[7] Nor does legal prejudice "result merely because the defendant will be inconvenienced by having to defend in another forum."[8]

---

[1] Declaration of Eric A. Grover submitted herewith ("Grover Decl.") at ¶ 8.

[2] Docket No. 1-2 (Valdez Decl. Ex. A, Third Amended Complaint).

[3] Grover Decl. at ¶ 4.

[4] Grover Decl. at ¶ 5; Declaration of Andres Hernandez submitted herewith, at ¶ 5.

[5] *Hasegawa v. State of Hawaii*, No. CV 10-00745 DAE-BMK, 2011 WL 2020715, at *3 (D. Haw. May 24, 2011), citing *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir.1989)); *see also*, *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) ("A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result.").

[6] *Smith*, 263 F.3d at 975.

[7] *Id.* at 976, quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 96-97 (9th Cir.1996).

[8] *Id.*, citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir.1982).

Legal prejudice also does not arise from a defendant's "missed opportunity for a legal ruling on the merits." [9] In *Smith v. Lenches*, the Ninth Circuit upheld the trial court's grant of voluntary dismissal, finding no legal prejudice and noting that the defendant "could not argue high litigation costs because discovery had not yet begun, it had not commenced trial preparations, and no motions challenging the merits of [the] case had come before the court."[10]

In determining whether dismissal without prejudice is appropriate, district courts in the Ninth circuit have considered: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence by the moving party in prosecuting the action; (3) insufficient explanation of the need for dismissal; and (4) the fact that the opposing party has moved for summary judgment."[11] Both the Ninth Circuit and district courts have deemed the preservation of judicial and party resources to be an "entirely legitimate" reason for seeking voluntary dismissal.[12]

In this case, Defendants will not suffer any legal prejudice from the voluntary dismissal. All that has occurred to date in this action is the Defendants removed the case from state court (Docket No. 1) and the Court denied Plaintiff's motion to remand (Docket No. 18). No discovery has taken place.[13] The parties have not devoted any time and effort to litigating the merits of Plaintiff's PAGA claims.

---

[9] *Watson v. Clark*, 716 F. Supp. 1354, 1355 (D. Nev. 1989) *aff'd*, 909 F.2d 1490 (9th Cir. 1990).

[10] *Smith,* 263 F.3d at 976.

[11] *Beckett v. MACYSDSNB*, No. C11-00246 HRL, 2012 WL 479593, at *2 (N.D. Cal. Feb. 14, 2012).

[12] *See e.g., Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 748 (9th Cir. 2008), citing in *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 (9th Cir.2002) (noting that voluntarily dismissing a few remaining claims after partial summary judgment was granted on other claims promoted efficient use of time and resources, which is an "entirely legitimate" reason for seeking dismissal); *see also, e.g., BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.*, No. CIV. 09-00181 DAE, 2011 WL 2938512, at *3 (D. Haw. July 18, 2011); *Golden Valley Dairy, L.L.C. v. Nw. Dairy Ass'n*, No. 10-CV-00069-EJL, 2010 WL 2620003, at *2 (D. Idaho June 24, 2010).

[13] Grover Decl. at ¶ 6. In the prior state court case, Plaintiff propounded written discovery but Defendant did not provide responses. *Id.*

In addition, Plaintiff has learned that another representative PAGA action is pending in the Eastern District that appears to encompass the same or similar PAGA claims of the aggrieved employees who are at issue in this case.[14] The other case, *Baker v. Comcast Communications Management, LLC*, alleges representative PAGA claims based on allegations that Defendant violated California Labor Code provisions regarding overtime, meal period, rest break and wage statement.[15] Therefore, even if a relevant consideration, the interests of the aggrieved employees likely will continue to be represented in the *Baker* action. Furthermore, voluntary dismissal of this action will preserve judicial resources by avoiding litigation of two PAGA actions involving duplicative or overlapping claims.[16]

Because Defendants will not suffer any legal prejudice and given the Ninth Circuit's liberal standard for voluntary dismissal motions, Plaintiff respectfully requests that the Court issue an order dismissing Plaintiff's PAGA action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

---

[14] Grover Decl. at ¶ 7. *Compare e.g.*, Grover Decl., Ex. A (Third Amended Complaint) at ¶¶ 10-17, 29-77 with Ex. B (*Baker* First Amended Complaint) at ¶¶ 9-11, 72-79. *See also*, Hernandez Decl. at ¶ 7 (explaining that the slightly different job titles used in the two actions refer to the same group of employees).

[15] *Compare e.g.*, Grover Decl., Ex. A (Third Amended Complaint) at ¶¶ 10-17, 29-77 with Ex. B (*Baker* First Amended Complaint) at ¶¶ 9-11, 72-79.

[16] *See Catalyst Assets LLC v. Life Technologies Corp.*, No. C 11-3537 SBA, 2012 WL 2289728, at *2-3 (N.D. Cal. June 18, 2012) (granting plaintiff's Rule 41(a)(2) motion for voluntary dismissal and declining to exercise jurisdiction over the defendant's counterclaims, the district court found that "avoidance of duplicative litigation weighs in favor of dismiss[al]."). Although Federal Rule of Civil Procedure 23 requirements for class actions do not apply to PAGA representative actions, it is worth noting that courts have granted voluntary dismissal of putative class action claims without prejudice and, in some circumstances, without the need to notify putative class members of the dismissal. *See e.g.*, *Lyons v. Bank of Am., NA,* No. C 11-1232 CW, 2012 WL 5940846, at *2 (N.D. Cal. Nov. 27, 2012) (granting voluntary dismissal of named plaintiff's claims with prejudice and putative class members' claims without prejudice and finding no notice was necessary to protect class members' interests); *City Nominees Ltd. v. Macromedia, Inc.*, No. C 97-3521-SC, 2000 WL 970558, at *1 (N.D. Cal. July 7, 2000) (granting voluntary dismissal without prejudice and finding that notice to putative class members was not needed); *Connelly v. Bell Atl.*, No. C 96-4084 TEH, 1997 WL 168507, at *1 (N.D. Cal. Mar. 28, 1997) (same).

Dated: February 6, 2015 **KELLER GROVER LLP**

By: /S/ *Eric A. Grover*
ERIC A. GROVER
ROBERT SPENCER

*Counsel for Plaintiff*
ANDRES HERNANDEZ